E-FILED
Friday, 28 October, 2005  04:47:68 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

```
ROBERT HOMRICH,                 )
                                )
        Petitioner,             )
                                )
    v.                          )       Case No. 05-1309
                                )
R. V. VEACH, WARDEN,            )
                                )
        Respondent.             )
```

## **O R D E R**

Before the Court is Robert Homrich's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. # 1]. For the reasons that follow, the Petition will be denied.

In 1993, a federal jury convicted Homrich of a drug conspiracy charge in the United States District Court for the Western District of Michigan. The district court sentenced Homrich to 250-months imprisonment and 5-years supervised release. Homrich appealed his conviction and sentence. On June 30, 1995, the Sixth Circuit Court of Appeals affirmed the district court's judgment.

In 1996, Homrich brought a 28 U.S.C. § 2255 motion; the district court denied the motion, Homrich appealed, and the Court of Appeals affirmed the district court's judgment. Thereafter, Homrich filed a motion under Fed. R. Civ. P. 60(b) which the district court transferred to the Sixth Circuit Court of Appeals where it was construed as a motion for authorization to file a second or successive section 2255 motion and denied.

In 2001, Homrich filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court based on the Supreme Court's opinion in Apprendi v. New Jersey 530 U.S. 466 (2000). The Honorable Michael Mihm denied that petition and the Seventh Circuit

Court of Appeals affirmed that judgment.

In his current Petition, Homrich argues he is entitled to relief because he is "actually innocent of the career offender guideline provision" pursuant to the Supreme Court's opinion in Shepard v. United States, 125 S.Ct. 1254 (March 7, 2005). Specifically, Homrich argues that after Shepard the law governing the scope of evidence that can be used to determine whether a defendant qualifies as a career offender under the United States Sentencing Guidelines (the "Guidelines") has changed. In particular, Homrich argues the sentencing judge improperly considered information from police reports, dismissed indictment counts, and affidavits, in determining that Homrich's 1981 Colorado conviction for attempted second degree burglary qualified as a crime of violence under the career offender Guidelines provision.

The Court finds Homrich's arguments are without merit. Initially, the Court notes that the Supreme Court's opinion in Shepard did not change the law. To the contrary, the Court specifically affirmed the ruling in Taylor v. United States, 495 U.S. 575, 599 (1990), finding "no justification for upsetting that precedent where . . . Congress has not, in nearly 15 years since Taylor, taken any action to modify the statute." Moreover, in affirming Homrich's sentence, the Sixth Circuit Court of Appeals found that Homrich's 1981 Colorado conviction was a crime of violence based on the language of the statute that Homrich was convicted under. This finding is in conformity with the law announced in both Taylor and Shepard. Accordingly, the Petition is denied.

IT IS THEREFORE ORDERED that Homrich's Petition for Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. # 1] is DENIED.

CASE TERMINATED.


Entered this   28th   day of October, 2005.


                                              s/ Joe B. McDade
                                              JOE BILLY McDADE
                                      United States District Judge